### Young *et al. vs.* Brown, Administrator.

Equity, from Coweta.   Estate.   Administrators and Executors.   Equity.   Venue. Jurisdiction.   Constitutional Law.   (Before Judge Harris.)

Jackson, C. J.—The principle that where law and equity have con-·current jurisdiction the court first taking it will retain it, has this important qualification, namely, unless good reason can be given for the interference of equity.  Code, §3096.

(a)  Several good reasons for equitable interference appeared in in this case.·  There are numerous parties defendant to the bill who are not parties to the suit in court of ordinary, and the administrator can not be forced to cite all parties interested in an estate to appear for settlement, nor can the ordinary bring them all into court; two estates are to be settled, and the ordinary can not try both questions together ; the defendants are called upon to interplead and settle their respective rights as to the two estates; an appeal from the Court of Ordinary may multiply litigation ; the administrator and citation for ▮settlement are ·in one county, while the administration resides in another, and the proper venue is in the county of his residence and where two of the defendants also reside, the other defendants being scattered in other counties and other States.   Code, §§2600, 2598, 5172, 5167—5171 ; Const., art. ·6, sec. 16.

Judgment affirmed.

Hall, J., concurring specially as to the question of venue.

Pope Barrow ; E. K. Lumpkin, for plaintiffs in error.

P. H. Brewster ; J. B. S. Davis, for defendant.